# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Docket no. 2:13-cr-193-GZS |
| LAMAR YOUNG, | ) | |
| Defendant. | ) | |

## ORDER ON MOTION IN LIMINE

Before the Court is Government's Motion in Limine to Admit Evidence Regarding Defendant's Knowledge, Motive, and Intent (ECF No. 278). As briefly explained herein, to the extent the Motion seeks a pre-trial ruling in order to allow both sides to prepare for trial, the Motion is GRANTED IN PART AND DENIED IN PART.

The Government seeks a pre-trial ruling that the proffered testimony of K.D. as outlined in the Motion is admissible under F.R.E. 404(b). Specifically, the Government indicates K.D. will testify that she had been dealing crack cocaine and heroin for Young from approximately February 5, 2014 through March 5, 2014. The Government also proffers that K.D. will testify that on or about March 5, 2014 after telling Young that another drug dealer had threatened to rob her, Young asked her to hold a .25 caliber handgun for him and that at that time she saw him in possession of a larger handgun tucked in his front waistband. The Government indicates that this evidence of drug dealing and firearms possession a week prior to the March 11, 2014 search and arrest of Young is specially relevant to Young's knowledge and motive in possessing the items found in the March 11th apartment search.

In the First Circuit, "a district court employs a two-part test to determine admissibility of evidence under Rule 404(b). First, it must determine whether the evidence has 'special' relevance other than establishing propensity; with respect to this inquiry, Rule 404(b)'s list of purposes is not exhaustive." United States v. Landry, 631 F.3d 597, 601-02 (1st Cir. 2011) (internal citations omitted).

"[T]he second part of the test [is] whether the evidence meets the standard of Rule 403. Rule 403 provides that relevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.' Fed. R. Evid. 403. Danger of unfair prejudice occurs if the evidence invites the jury to render a verdict on an improper emotional basis. Moreover, Rule 403 judgments are typically battlefield determinations . . . ." Landry, 631 F.3d 597, 604 (1st Cir. 2011) (internal case citations and quotations omitted).

With respect to the first part of the Rule 404(b) test, the Court believes that K.D.'s testimony regarding her involvement with Young related to crack cocaine distribution and her receipt of a firearm from Young are specially relevant to his knowledge, motive, and intent, which the Court understands to be contested with respect to the counts to be tried. The Court notes that the time period of K.D.'s testimony falls within the time period of the alleged Count I conspiracy and within days of the other charges, which are alleged to have occurred on March 3, 2014 and March 11, 2014. Therefore, the Court will allow K.D. to testify at trial. However, from this pre-trial vantage, the Court is unable to make a final Rule 403 determination as to the extent of K.D.'s testimony that may be admitted as part of the Government's case-in-chief.. Therefore, Defendant shall renew his Rule 403 objections at trial on a question-by-question basis and the Court will make its final ruling based on the objections presented at trial.

The Court will exclude K.D. from testifying that she received and sold heroin from Young. At this pre-trial stage, the Court fails to see the special relevance of the heroin testimony and believes that the alleged heroin dealing is also excludable under Rule 403. The Government shall make no reference to alleged heroin dealing by Young in its opening statement and should instruct K.D. to limit her testimony accordingly. This pre-trial ruling is made without prejudice to the Government making an additional proffer of this proposed heroin-related testimony at trial outside the hearing of the jury.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 10th day of December, 2014.