**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:13-cr-193-GZS-4 |
| LAMAR YOUNG, | ) |
| | ) |
| Defendant. | ) |

**ORDER REGARDING SCOPE OF REMAND**

The Court is called upon to determine the status of Defendant Lamar Young's conviction on Count One of the Second Superseding Indictment ("Indictment," (ECF No. 116)) in light of the First Circuit's decision reversing this Court's denial of his motion to suppress drugs and a firearm seized at the time of his arrest, United States v. Young, 835 F.3d 13 (1st Cir. 2016). The Court has considered the Government's Motion for Continuance (ECF No. 415); Defendant's Response in Opposition (ECF No. 418); the Government's Memorandum Regarding Scope of Remand (ECF No. 422); and Defendant's Supplemental Memorandum Regarding Scope of Remand (ECF No. 423). For the reasons briefly explained herein, the Court determines that Defendant's conviction on Count One has been vacated and will proceed to trial.

### I. FACTUAL BACKGROUND

Defendant was charged with four counts, including conspiracy to distribute at least 28 grams of cocaine base (Count One) and possession of a firearm in furtherance of a drug trafficking crime (Count Nine). (Indictment at 1-2, 4-6.) Defendant moved to suppress statements he made and evidence seized, including a firearm and cocaine base, at the time of his arrest at his girlfriend's

apartment in Lewiston. On October 20, 2014, this Court affirmed the recommended decision of the Magistrate Judge denying the motion to suppress. On December 11, 2014, Defendant conditionally pleaded guilty to Counts One and Nine of the Indictment, pursuant to Federal Rule of Criminal Procedure 11(a)(2), in exchange for the Government agreeing to the dismissal of the other remaining counts.[1] The plea agreement provided, in relevant part:

> 4. <u>Conditional Guilty Plea</u>
>
> The parties agree that with the consent of the court, Defendant may enter a conditional plea of guilty under Rule 11(a)(2) of the Federal Rules of Criminal Procedure, reserving the right to appeal the court's denial of his Motion[s] to Dismiss Based on Unconstitutionality of Statute [& Insufficiency] (Docket # 109, [110]); Motion to Suppress (Docket # 112); and, should it be denied, his motion to reconsider the denial of his motion to suppress (Docket # 290) or any other order entered in his case after the date hereof . . . Defendant will be entitled to withdraw his plea of guilty to Count Nine if the denial of his motion to suppress is reconsidered and the Court suppresses either or both of the gun and drugs seized during his arrest.

(Plea Agreement (ECF No. 302) at 4 [handwritten and initialed additions in brackets].) Defendant appealed his conviction. On August 19, 2016, the First Circuit "vacate[d] Young's conviction, reverse[d] the district court's denial of his motion to suppress, and remand[ed] for further proceedings." <u>Young</u>, 835 F.3d at 23.

In its October 7, 2016, Motion for Continuance, the Government argued that "the First Circuit's reversal of the Court's ruling on Young's motion to suppress does not impact his guilty plea to the unrelated drug conspiracy charged in Count One, and that the Court should proceed to resentencing on that count." (ECF No. 415 at 2-3.) On October 14, 2016, Defendant filed a Response in Opposition to the Motion for Continuance (ECF No. 418) arguing, inter alia, that his conviction on Count One has been vacated. At a conference of counsel on October 17, 2016, the

---

[1] The Government agreed to the dismissal of two counts as part of the plea agreement. The Court previously dismissed an additional count without prejudice at the Government's request.

Court requested further briefing on this issue and, on October 20, 2016, entered an order granting the Government's Motion for Continuance as to the issue of proceeding to trial in November without objection and excluding the time to consider the status of Count One from Defendant's Speedy Trial clock (ECF No. 421).

## II.     DISCUSSION

In general, applying principles of contract law to a plea agreement, this Court seeks to ascertain the "reasonable expectations of the parties . . . under an objective standard." United States v. Giorgi, 840 F.2d 1022, 1028 (1st Cir. 1988).  When the parties' reasonable expectations cannot be gleaned from plea agreement language because it is ambiguous, the Court may turn to interpretive materials outside the document itself.  See United States v. Marchena-Silvestre, 802 F.3d 196, 202 (1st Cir. 2015) ("[W]e construe the terms and conditions in plea agreements in accordance with traditional principles of contract law, looking outside the document only as necessary to provide illuminating context or resolve ambiguities in the writing.") (citations omitted).  The "Conditional Guilty Plea" paragraph in the Defendant's plea agreement is ambiguous, as evidenced by the fact that both sides advance colorable readings for how it may or may not affect the current status of Defendant's conviction on Count One.  Therefore, the Court looks outside the agreement's language.

By providing defense counsel's communications with and representations to the Government while the agreement was being negotiated as attachments to his Supplemental Memorandum (see ECF Nos. 423-1 through 423-6), Defendant has convincingly demonstrated that he had an objectively reasonable expectation that his plea to both counts was conditional on the outcome of his appeal regarding the suppression motion.  Further, to the extent that there is

3

any doubt about what the parties intended, "the costs of an unclear agreement must fall upon the government." Giorgi, 840 F.2d at 1026; United States v. Baldacchino, 762 F.2d 170, 179 (1st Cir. 1985) ("Though a matter of criminal jurisprudence, plea bargains are subject to contract law principles *insofar as their application will insure the defendant what is reasonably due him*.") (emphasis added) (citations omitted).  In short, the Court is convinced that the plea agreement must be interpreted to provide that his conviction on Count One was conditional on the outcome of his appeal on the motion to suppress.

Beyond the plea agreement itself, the Court's conclusion is consistent with the First Circuit's decision "vacat[ing] [Defendant's] conviction." See United States v. Connell, 6 F.3d 27, 30 (1st Cir. 1993) ("We think it follows that when a trial court, on remand, seeks to dispose of a case in accordance with an appellate court's mandate, it must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.") (internal quotation marks omitted).  Finally, although the Weber, Molina-Gómez, and Benard cases discussed in both parties' briefs are factually distinguishable from the present matter, the Court accepts the general principle that it is not its place to speculate as to whether or not Defendant would have proceeded to trial on Count One if his motion to suppress had been granted. See United States v. Molina-Gómez, 781 F.3d 13, 25 (1st Cir. 2015) (stating, where defendant partially prevailed on evidentiary issue on appeal, that "a court has no right to decide for a defendant that his decision [to plead guilty] would have been the same had the evidence the court considers harmless not been present") (quoting United States v. Weber, 668 F.2d 552, 562 (1st Cir. 1981)); see also United States v. Benard, 680 F.3d 1206, 1214 (10th Cir. 2012) ("We cannot conclude beyond a reasonable doubt that Defendant would still have agreed to waive his right to a jury trial as to either or both of the counts of conviction absent the district court's error.  We

4

therefore hold that the district court's suppression error requires remand of both counts of conviction under Rule 11(a)(2).") (citation omitted).

### III. CONCLUSION

For the foregoing reasons, the Court determines that Defendant's conviction on Count One has been vacated. As a result, to the extent the Court reserved ruling on the portion of the Government's Motion (ECF No. 415) that raised issues regarding how to proceed with Count One on remand, the Motion is hereby DENIED IN PART. The Court ORDERS that Count One be placed on the next trial list along with Count Nine and that Defendant notify the Government and the Court if he intends to plead guilty to either count no later than November 10, 2016.

SO ORDERED.

                                                /s/ George Z. Singal  
                                                United States District Judge

Dated this 3rd day of November, 2016.